UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LAZARO RIVERO, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 7:21-018-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| Respondent. | ) | **&** |
| | | **ORDER** |

*** *** *** ***

Lazaro Rivero is an inmate at the United States Penitentiary (USP) – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Rivero filed what he calls a "petition for writ of mandamus or prohibition . . . pursuant to 28 U.S.C. § 1361 against the United States" with the United States District Court for the Southern District of Florida. [R. 1.] The Southern District of Florida, however, transferred Rivero's submission to this Court. [*See* R. 5.] Therefore, Rivero's petition is now before this Court on initial screening. *See Westine v. Warden, Federal Medical Center*, No. 5:18-cv-523-DCR, 2018 WL 9669914, at *1 (E.D. Ky. Sept. 28, 2018) (making it clear that the Court has the authority to screen mandamus petitions). Ultimately, there are numerous problems with Rivero's submission, and, thus, the Court will deny it without prejudice.

As an initial matter, Rivero has neither paid the applicable filing and administrative fees nor moved for leave to proceed *in forma pauperis*. Indeed, the Southern District of Florida specifically noted on the docket sheet that while a filing fee exists in this case, none was paid, and no fee motion was filed. [*See* R. 1.] Thus, Rivero has not even properly initiated this action.

Furthermore, and more importantly, Rivero's submission, as presently drafted, is vague and otherwise difficult to follow. While the Court has fully reviewed Rivero's submission, he has failed to clearly state a claim upon which relief may be granted against the United States, let

alone demonstrated "a clear right to relief" that would justify the "extraordinary remedy" of mandamus relief. *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (discussing the required elements in a mandamus action).

For starters, as best as the Court can tell, Rivero first complains about the conditions of his confinement at USP – Big Sandy vis-à-vis the COVID-19 pandemic. Indeed, Rivero discusses "lockdowns" at the prison and alleges that unnamed prison officials are improperly "import[ing] prisoners from state and federal facilities" in order to intentionally "keep the infection rate up as a means to obtain additional funding." [R. 1 at 13.] That said, Rivero does not indicate what relief he is seeking on this front or make it clear against whom he is seeking that relief. In fact, in Rivero's section titled "relief requested," he does not discuss the prison's pandemic-related policies or otherwise indicate what specific duty is owed to him or who should be compelled to perform that duty. [*See id.* at 21-22.] In short, Rivero has not demonstrated that he is entitled to mandamus relief.

Rivero also complains about his alleged inability to access the Courts, suggesting that unnamed prison officials are trying to "suspend [his] First Amendment freedoms," including his right to "full and complete access" to the prison's law library, his mail, and his other legal material. [*See* R. 1 at 15-22.] Rivero's allegations, however, are insufficient to state a First Amendment access-to-court claim, let alone demonstrate that the Court should enter an order in a mandamus action compelling a federal officer or agency to perform some sort of duty.

The United States Court of Appeals for the Sixth Circuit has made it clear that "[t]o plead an access-to-court claim, a plaintiff must allege *actual prejudice* to pending or contemplated litigation challenging the prisoner's conviction or conditions of confinement." *Thomas v. Dickson*, No. 18-2317, 2019 WL 6005487, at *2 (6th Cir. 2019) (emphasis added) (citations omitted). The Sixth Circuit has further explained that, to plead prejudice, the plaintiff must "identify a

nonfrivolous, arguable underlying claim that the defendants' actions prevented him from pursuing." *Id.* (quotation marks and citation omitted). In other words, "an access-to-court claim is, in essence, 'a case within a case,' and the plaintiff therefore must allege 'the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.'" *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011)).

Here, while Rivero has alleged some facts related to interference, he has not described, in sufficient detail, the nature of his underlying claims, and he has certainly not alleged either the law or facts sufficient to establish the merit of those claims. At most, Rivero briefly references a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). [*See* R. 1 at 6.] Rivero's vague statements, however, do not adequately allege actual prejudice, and they certainly do not demonstrate a clear right to mandamus relief.

In light of the foregoing, the Court will deny Rivero's present petition for mandamus relief. That said, the Court's denial will be without prejudice. This means that Rivero may still file a new civil rights action regarding some of the matters raised in his present submission, should he choose to do so. However, if Rivero does file such a new action with this Court, he must use the Court's approved E.D. Ky. 520 Civil Rights Complaint Form, which may be obtained from the Clerk's Office. In completing that form, Rivero must list the specific defendants against whom he has claims and is seeking relief, and he must explain what each named defendant did or failed to do to cause him an actual injury. Finally, Rivero must also either pay the $402.00 in filing and administrative fees or complete the following steps to pursue pauper status: (a) fill out the Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; (b) have prison staff complete and sign a Certificate of Inmate Account

3

Form [E.D. Ky. 523 Form]; and (c) file both documents with the Court.  These forms may also be obtained from the Clerk's Office.

Accordingly, it is **ORDERED** as follows:

1. Rivero's petition at [**R. 1**] is **DENIED** without prejudice to his right to file a new civil rights action regarding some of the matters raised in his present submission.

2. Any and all pending motions are **DENIED** as moot.

3. This specific action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This is the 5th day of April, 2021.

Gregory F. Van Tatenhove
United States District Judge